UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

REUBEN McDOWELL,

                              Plaintiff,

  -v.-                                                  9:06-CV-1060
                                                                    (GLS)(DRH)

LARRY CLEVELAND, Sheriff, Warren County
Sheriff's Department; DANIEL STEWART,
Commission of Corrections,

                              Defendants.

---

APPEARANCES:

REUBEN McDOWELL
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

## DECISION and ORDER

**A. Background**

     Presently before the Court is an amended complaint filed by plaintiff Reuben McDowell. Dkt. No. 9. This amended complaint was submitted by McDowell in compliance with the Order issued by this Court on October 30, 2006. Dkt. No. 8. Also before the Court is a Motion for Appointment of Counsel submitted by McDowell. Dkt. No. 10.

     The October Order advised McDowell that he must demonstrate an

"actual injury" in order to establish a violation of the right of access to the courts. Dkt. No. 8 at 5. McDowell was also advised that he must assert allegations of wrongful conduct as to each named defendant. *Id.* The October Order further cautioned McDowell that his amended complaint must contain specific allegations of fact rather than mere general conclusions. *Id.* at 7.

## B. The Amended Complaint

In his amended complaint, McDowell alleges, *inter alia*, that he was discriminated against, denied due process during the course of his disciplinary hearing and in connection with being placed in administrative segregation, and denied access to the law library. Dkt. No. 9.

McDowell continues to claim that he was denied access to the law library. McDowell has not, however, alleged that a legal action that he sought to pursue was materially prejudiced by the alleged deficiencies of the law library at the jail. In fact, McDowell has not alleged that he has suffered **any** injury relative to the alleged interferences with his access to the courts. Accordingly, McDowell's claims of denial of access to the law library are legally insufficient to state a claim under Section 1983 and must be dismissed.

Along with previously named defendant "Daniel L. Stewart," McDowell names four new defendants in his amended complaint: "Michael Gates," "Lt. VanWinkle," "C. Hall," and "M. Harpp." Dkt. No. 9 at 1. Previously named defendant "Larry Cleveland" is not named in McDowell's amended complaint and is therefore dismissed as a defendant in this action.

## C. Motion for Appointment of Counsel

Presently before this Court is a motion by plaintiff for appointment of counsel. Dkt. No. 10. In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

However, prior to evaluating a request for appointment of counsel, a party must first demonstrate that he is unable to obtain counsel through the private sector or public interest firms. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (quoting *Hodge*, 802 F.2d at 61). Such a

3

showing has not yet been made in this action.

In light of the foregoing, McDowell is directed to attempt to obtain counsel from the public and private sector.

WHEREFORE, it is hereby

ORDERED, that McDowell's fourth cause of action is dismissed from this action, and it is further

ORDERED, that "Larry Cleveland" is dismissed as a defendant in this action, and it is further

ORDERED, that the Clerk revise the docket to add "Michael Gates," "Lt. VanWinkle," "C. Hall," and "M. Harpp" as defendants in this action, and it is further

ORDERED, that the Clerk shall issue summonses naming the current defendants and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the defendants, together with a copy of this Order.[1]  The Clerk shall also forward a copy of the summons and amended complaint by mail to the County Attorney for Warren County and the Office of the Attorney General for the State of New York, together with a copy of this Order, and it is further

---

[1] Plaintiff was granted leave to proceed with this action *in forma pauperis*. Dkt. No. 8.

ORDERED, that a formal response to McDowell's amended complaint be filed by the defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure subsequent to service of process on the defendants, and it is further

ORDERED, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.**  McDowell must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **McDowell is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in**

**his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

ORDERED, that McDowell's motion for appointment of counsel (Dkt. No. 10) is **DENIED** without prejudice to renew as noted above, and it is further

ORDERED, that the Clerk serve a copy of this Order on McDowell by regular mail.

IT IS SO ORDERED.

December 14, 2006
Albany, New York

_____
United States District Court Judge